Argued March 24, demurrer sustained April 4, 1916.

# WADHAMS & CO. *v.* SAN FRANCISCO & PORTLAND S. S. CO.

### (156 Pac. 425.)

**Mandamus—Remedy at Law—Delivery of Property.**

1. Under Section 613, L. O. L., providing that *mandamus* shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law, the writ will not issue to compel a carrier which has transported specific articles consigned to the petitioner into the state and there refused to deliver them to petitioner to make delivery, since there is an adequate remedy by replevin in which under Sections 283–294, immediate delivery of the property can be had.

**Mandamus—Remedy at Law—Multiplicity of Suits.**

2. The fact that replevin could only affect the particular shipment and that it would have to be repeated for each subsequent shipment, does not entitle petitioner to *mandamus* to avoid multiplicity of suits, since *mandamus* also could only require the delivery of the particular goods then on hand.

**Constitutional Law—Determination of Constitutional Questions— Necessity.**

3. On original proceedings in *mandamus* by a consignee against a carrier to compel the delivery to it of alcohol, in which the Attorney General appeared as a friend of the court, but where there was an adequate remedy by replevin, the court will not determine the validity of Laws of 1915, page 150, regulating the importing of intoxicating liquors into the state.

Original proceeding in Supreme Court.

In Banc. Statement by Mr. Justice Burnett.

This is an original proceeding by Wadhams & Co. against the San Francisco Steamship Company, in *mandamus* in this court. The writ issued by one of the justices states the corporate character of the litigants, recites that the defendant is a common carrier for hire operating a line of steamboats between San Francisco, California, and Portland, Oregon, carrying freight for which it issues bills of lading. The plaintiff has been engaged in manufacturing and selling throughout the state and elsewhere flavoring extracts

using therein ethyl alcohol. The writ declares that on January 28, 1916, the petitioner ordered from a California corporation by United States mail two barrels of ethyl alcohol for use in making such extracts. The California concern delivered to the defendant at San Francisco the two barrels of spirits mentioned, addressed and consigned to the plaintiff at Portland, and prepaid the freight thereon, receiving from the defendant a bill of lading showing the receipt of the goods named to be shipped by one of its steamers according to the directions stated. On arrival of the same and delivery upon the dock of the defendant at Portland, notice of the receipt thereof was delivered to the plaintiff, and it made demand upon the defendant for the delivery of the alcohol, which the defendant refused. After extended averment about the effect it would have upon the business of the plaintiff and a recital that it has no plain, speedy and adequate remedy in the ordinary course of the law, the alternative writ demands that the defendant deliver to the plaintiff the two barrels of spirits described in the bill of lading or show cause why it has not done so. On the return day the defendant interposed a general demurrer to the writ.    Demurrer Sustained.

*Mr. George M. Brown,* Attorney General, *amicus curiae,* for the demurrer.

*Mr. Andrew B. Winfree* and *Mr. Arthur C. Spencer,* contra.

Mr. Justice Burnett delivered the opinion of the court.

1, 2. Treating of the scope of the writ of *mandamus,* Section 613, L. O. L., reads thus:

80 Or.—5

"It may be issued to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; but though the writ may require such court, corporation, board, officer, or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law."

The essence of the writ is that the defendant has in its possession in Multnomah County, Oregon, certain personal property to the custody of which plaintiff is entitled. The petitioner argues that replevin would affect only the instant shipment, and that it would be compelled to institute a like proceeding to recover each succeeding invoice, resulting in a multiplicity of actions. The same argument applies equally to *mandamus,* and we cannot admit that granting the writ as desired in this case would necessarily work out delivery of any future consignment of liquor. Although *mandamus* was held to be a suitable remedy in *Haugen* v. *Albina Light & Water Co.,* 21 Or. 411 (28 Pac. 244, 14 L. R. A. 424), and *Mackin* v. *Portland Gas Co.,* 38 Or. 120 (61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596), to compel a corporation to perform its functions in relation to an individual, those cases are not controlling here. They involved the right of the plaintiff to demand that water and gas be furnished to him on equal terms with other consumers by corporations chartered for the purpose of supplying the people with those things. Not having either the title or the right to the possession of any particular part of the water or gas segregated from a larger mass, neither trover nor replevin would lie at the suit of the plaintiffs

there; but here the petitioner desires the possession of certain chattels separated from all others to which it claims title and right of immediate possession. In such instances the ordinary action at law in replevin supplemented by the provisions of our Code, L. O. L., Sections 283 to 294, both inclusive, pointing out how immediate delivery may be had, affords a plain, speedy and adequate remedy at law for the relief sought to be accomplished here by the writ of *mandamus*. The court would exceed its authority and pervert the office of the extraordinary remedy of *mandamus* if it should attempt to make the writ peremptory.

3. The Attorney General, as a friend of the court, submitted an elaborate brief against the writ based upon the provisions of Chapter 141 of the Laws of 1915, regulating the importing of intoxicating liquors into the state. In view of the plain remedy by replevin we are not disposed to make this proceeding between private parties an excuse to construe the new legislation upon the subject of intoxicating liquors. To do so would be to determine the validity of the statute upon what is really an *ex parte* showing in a proceeding where the enactment is not necessarily involved. The demurrer to the writ is sustained.

DEMURRER SUSTAINED.

MR. JUSTICE EAKIN absent.